# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Donquavious DaShon Davis, ) | Civil Action No. 5:20-2674-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden of Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the Court grant Respondent's motion for summary judgment on Petitioner's petition for habeas corpus brought under 28 U.S.C. § 2254. (Dkt. No. 32.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Respondent's motion.

**I.     Background**

In June 2014, Petitioner was driving and spotted his ex-girlfriend's car parked at a mutual friend's house. He exited his car with a firearm, knocked on the house's sliding glass door, and shot the person who answered—his ex-girlfriend's boyfriend, Shantario McCoy, who died from his injuries. Petitioner was indicted by the York County grand jury for murder, possession of a weapon during the commission of a violent crime, and first-degree burglary. Petitioner admitted that he shot McCoy, but asserted he did so from outside the dwelling. The Circuit Court judge accepted Petitioner's guilty plea to the murder charge and the weapons charge, and accepted an *Alford* plea to the burglary charge. Petitioner was sentenced to 40 years imprisonment for the burglary charge, plus 30 years for voluntary manslaughter and five years for the weapons charge to run concurrently.

In 2015, plea counsel filed a notice of appeal, which the South Carolina Court of Appeals dismissed. In 2016, Petitioner filed a *pro se* application for post-conviction relief ("PCR") that asserted eight grounds for relief: four grounds of ineffective assistance of counsel, three grounds of prosecutorial misconduct, and one ground of trial court error. (Dkt. No. 20-1 at 112-13.) In 2018, the PCR court conducted an evidentiary hearing, during which PCR counsel informed the court that Petitioner was proceeding on just one issue: "Ineffective assistance of counsel for failing to effectively completely advise of his ability to present a defense of self-defense if he went to trial." The PCR court denied Petitioner's application, considering the one issue.

PCR counsel filed a notice of appeal, which appellate counsel perfected through a petition for a writ of certiorari that presented one issue: "Whether the PCR court erred when it found counsel provided effective representation where there was evidence that counsel did not discuss the applicability of self-defense, since petitioner said he only show the decedent because he thought the decedent was going to shoot him first?" (Dkt. No. 20-4 at 3.) Petitioner filed a *pro se* response to the petition, contending that three additional issues were raised, but not ruled on, during the PCR hearing. (Dkt. No. 20-5 at 1-2.) The petition was transferred to the South Carolina Court of Appeals, which denied certiorari and issued the remittitur in 2020.

Petitioner now raises seven grounds for federal habeas relief under § 2254:

Ground One:   Trial Counsel was ineffective for failing to file a motion to quash 1st Degree burglary indictment where it's missing the key elements for 1st degree burglary indictments.

Ground Two:  Guilty Plea Involuntary.

Ground Three:  There was Plain Error when Circuit Court accepted defendant's guilty plea while aware of a undisclosed gun found at the crime scene. It was not put into evidence.

Ground Four:  Plea Counsel failed to advise defendants of a Alford's plea or any pleas dealing with maintaining innocence.

Ground Five: Whether the Court of Appeals erred when it found counsel provided effective representation where there was evidence that counsel did not discuss the applicability of self defense since petitioner said he only shot the decedent because he thought the decedent was going to shoot him first.

Ground Six:   Police Misconduct.

Ground Seven: Trial Counsel was ineffective for failing to disclose material exculpatory evidence which was used in Petitioner's guilty plea sentencing phase.

(Dkt. Nos. 1, 1-1.) Defendant moves to dismiss all grounds on summary judgment. The Magistrate Judge recommends granting summary judgment, to which Petitioner objects.

## II.    Legal Standard

### A.    Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.    Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no

dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### C.     Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there

was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id*. at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id*.

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must present his claims to the state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)), which requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). Rather, for a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must

"demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III.     Discussion

Having conducted a *de novo* review of the record in light of Petitioner's objection to the R & R (Dkt. No. 34), the Court finds that the Magistrate Judge accurately applied the applicable law to determine that Respondent's motion for summary judgment should be granted. Petitioner raises seven grounds for federal habeas relief. (Dkt. Nos. 1, 1-1.) Only Ground Five is not procedurally defaulted because Petitioner advanced only one ground at the PCR hearing and the petition was not altered or amended to incorporate any additional grounds that he raised in his *pro se* response. *See Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007) (holding that if the PCR court fails to address a claim, as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment under S.C. R. Civ. P., 59(e), and failure to do so results in the claim being procedurally barred). The Court first reviews the procedurally defaulted grounds, and then the remaining Ground Five.

**A.     The Procedurally Defaulted Grounds One, Two, Three, Four, Six and Seven are Dismissed.**

First, regarding whether Grounds One, Two, Three, Four, Six or Seven may proceed despite being procedurally barred, the Magistrate Judge analyzed whether, for each, Petitioner demonstrated both "cause for noncompliance with the state rule" and "actual prejudice resulting from the alleged constitutional violation." *Smith v. Murray*, 477 U.S. 527, 533 (1987). A petitioner may show "cause" by demonstrating ineffective assistance of counsel relating to the default, an external factor that hindered compliance with the state procedural rule, or the novelty of the particular claim. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Regarding the first option—

demonstrating ineffective assistance of counsel—a petitioner must show that the attorney's work was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it was unreasonable under the circumstances of the case and the then-prevailing professional norms. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Kimmelman*, 477 U.S. at 384. The *Strickland* test for ineffective assistance of counsel is, therefore highly deferential to the attorney, and the standard for § 2254 relief is itself highly deferential to the state court. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). As a result, when the state court adjudicated an ineffective assistance claim on its merits, the § 2254 district court's review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The district court's focus is "not whether counsel's actions were reasonable," but rather "whether there is any reasonable argument that [the petitioner's] counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. If "cause" is demonstrated, a petitioner must then show actual prejudice, which is more than plain error. *Murray*, 477 U.S. at 492.

Ground One asserts that Plea Counsel was ineffective for not moving to quash the first-degree burglary indictment because it listed an occupant, rather than owner, of the house where Plaintiff shot McCoy. "Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default. *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017). But ineffective assistance of PCR counsel can constitute "cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a

defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Id*. For this, the petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that . . . the claim has some merit," *Martinez v. Ryan*, 566 U.S. 1, 14 (2012), and that PCR Counsel was ineffective under *Strickland* for not raising that meritorious claim. Here, as the Magistrate Judge discussed, Petitioner cannot show that Ground One has merit because "burglary is a crime against possession and habitation, not a crime against ownership" and therefore "the victim listed in the indictment need not be the owner of the dwelling burglarized." *State v. Singley*, 709 S.E.2d 603, 605 (S.C. 2011).

Ground Four asserts that Plea Counsel was ineffective for failing to advise Petitioner that he could enter an *Alford* plea, which he contends would have given the judge a "better understanding of whether his plea was involuntary or a product of duress." The record reflects that, after his plea colloquy with the judge, Petitioner was given a recess to discuss *Alford* pleas with his counsel. Petitioner then affirmed to the judge that he had a chance to talk to his lawyers about what an *Alford* plea is, and that he understood that pleading guilty under *Alford* meant he did not have to actually agree with the facts, but rather agree that they would likely result in a jury conviction. (Dkt. No. 20-1 at 57-58.) Later, at the PCR hearing, Plea Counsel testified that he explained the implications of an *Alford* plea to Petitioner, whom he believed understood. Based on this record, the Petitioner failed here to demonstrate that his claim would have merit and that Petitioner suffered actual prejudice.

Ground Seven asserts that Plea Counsel was ineffective for failing to disclose a statement by Mercedes Bland that Petitioner claims was material and exculpatory. Bland was Petitioner's then-girlfriend. She did not witness the shooting, but the day of sentencing told Plea Counsel and the prosecutor that Petitioner had told her he thought McCoy was reaching for something when he

shot him. As the Magistrate Judge notes, this timeline means that Plea Counsel could not have been ineffective at the plea for failing to inform Petitioner of a statement that Bland had not yet made. Petitioner therefore cannot demonstrate that this claim has merit or that he suffered actual prejudice.

Grounds Two, Three and Six do not raise ineffective assistance of counsel. Ground Two asserts that Petitioner's guilty plea was involuntary because he was inducted and pressured to plead guilty despite the State failing to disclose information about a pellet gun being found at the crime scene and w witness's statement suggesting his innocence. Ground Three asserts that the trial court erred by accepting Petitioner's guilty plea despite knowing that evidence of a gun found at the crime scene was not put into evidence. Ground Six asserts police misconduct for failing to admit the gun into evidence. The *Martinez* exception is limited to claims of ineffective assistance of trial counsel and the Magistrate Judge found that Petitioner did not present other grounds to excuse the default. Petitioner's objection to the R & R does not alter that finding.

Because Grounds One, Two, Three, Four, Six and Seven are procedurally barred and Petitioner cannot demonstrate an excuse for the default, Respondent's motion to dismiss them is granted.

**B.      Ground Five is Dismissed.**

Ground Five, which is not procedurally barred, asserts that Plea Counsel was ineffective for not adequately discussing the possibility of a self-defense defense which, Petitioner contends, would have influenced him to proceed to trial rather than plead guilty. The applicable law, as the PCR Court noted, is that a defendant who provokes or initiates an assault cannot claim self-defense unless he both withdraws from the conflict and communicates his withdrawal by word or act to his adversary. *See State v. Jackson*, 681 S.E.2d 17, 20-21 (S.C. Ct. App. 2009). Plea Counsel testified

at the PCR hearing that he advised Petitioner that his multiple versions of events (including seeing McCoy reach for a gun, seeing someone else reach for a gun, and seeing just a movement) did not comport with other witnesses' version of events, and that Petitioner would have to testify to his version of events, exposing him to cross-examination, at trial in order to assert a self-defense defense.  The PCR court found Plea Counsel's testimony credible, Petitioner's testimony not credible, and noted that Petitioner had previously admitted at his plea that he and his counsel had discussed possible defenses that could have been beneficial. The PCR court's credibility determination is entitled to deference absent "clear and convincing evidence to the contrary." *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003).  Based on the record before the PCR court, it could reasonably conclude that Plea Counsel reasonably advised Petitioner, before he chose to plead guilty, on the elements and feasibility of putting up a self-defense defense.  For these reasons, the Magistrate Judge concluded that Ground Five should be dismissed.  Having considered Petitioner's objections, the Court adopts that recommendation.

## IV.     Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's grounds for relief are either procedurally barred with no applicable exception, or that Petitioner failed to show that the PCR court made an unreasonable factual determination or misapplied the *Strickland* standard. Therefore, a Certificate of Appealability is denied.

**V.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 32) as the order of the Court. Defendant's motion for summary judgment (Dkt. No. 21) is **GRANTED** and Petitioner's § 2254 petition (Dkt. No. 1) is **DISMISSED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 18, 2021
Charleston, South Carolina